**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

MERCY HEALTH CORPORATION AND
MERCY HEALTH SYSTEMS CORPORATION,

                    Plaintiffs,

v.                                                              Case No.:  CaseNumber

WISCONSIN MEDICAL SOCIETY INSURANCE
& FINANCIAL SERVICES LLC f/k/a WISCONSIN
MEDICAL SOCIETY INSURANCE AND
FINANCIAL SERVICES, d/b/a WISMED ASSURE,

                    Defendant.

<u>**NOTICE OF REMOVAL**</u>

Wisconsin Medical Society Insurance & Financial Services LLC f/k/a Wisconsin Medical Society Insurance And Financial Services, d/b/a Wismed Assure, by and through its counsel, James M. Weck, and Clausen Miller P.C., and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby remove the above-captioned action from Circuit Court of Dane County, State of Wisconsin, to the United States District Court for the Western District of Wisconsin. Pursuant to 28 U.S.C. § 1446(a), set forth below is the statement of the grounds for removal, and attached hereto is a copy of all process, pleadings and orders received or obtained to date in this action.

**I.      INTRODUCTION AND BACKGROUND**

1.      On or about June 23, 2026, Plaintiffs Mercy Health Corporation and Mercy Health System Corporation, filed a Complaint short-captioned *Mercy Health Corporation et. al. vs. WisMed Assure* bearing Case Number 2026CV001983, in the Circuit Court of Dane County, State of Wisconsin. A copy of the Summons and Complaint is attached as **Exhibit "A".**

2.      In the Complaint, Plaintiffs allege third-party litigation liability (breach of fiduciary

13150223.2

duty) and third-party litigation liability (breach of contract) against Defendant. Plaintiffs seek an award of attorneys' fees it incurred in a separate lawsuit regarding a claim that gave rise to the matter of *Joshua Johnson, by and through his power of attorney Paula Johnson-Wellman, Plaintiff et al., v. Mercy Health System Corporation, et al.*, in Waukesha County Circuit Court, Case No. 2024CV000781 (the "Prior Lawsuit"), which had been filed in Walworth County Circuit Court and was subsequently transferred to Waukesha County.

3.      Plaintiffs now seek the attorneys' fees they allegedly incurred in the Prior Lawsuit as damages in this action against Defendant, who was not a party to the Prior Lawsuit. Plaintiffs claim no actual damages in this action other than costs and fees allegedly related to the Prior Lawsuit. *See id.* ¶ 41.

4.      Defendant was served with Plaintiffs' Summons and Complaint after service was made on its agent for service of process.

## II.      THIS CASE IS REMOVABLE UNDER DIVERSITY JURISDICTION

5.      A civil action brought in state court is removable if the district court has original jurisdiction over it. 28 U.S.C. § 1441(a). As set forth below, this Court has jurisdiction based on diversity because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs, between citizens of different States. 28 U.S.C. § 1332(a)(1).

### A.      Complete Diversity Exists

6.      There is complete diversity of citizenship between Plaintiffs and Defendant.

7.      Under 28 U.S.C. § 1332(c)(1), a corporation is deemed a citizen of both the state of its incorporation and the state of its principal place of business. A corporation is a citizen of the state by which it has been incorporated as well as the state in which it has its principal place of

2

business. 28 U.S.C. § 1332(c)(1); *Waymar Med., Inc. v. Am. Med. Elecs., Inc.*, 786 F. Supp. 754, 755 (E.D. Wis. 1992).

8.      "For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) (citation omitted). It follows that, "an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well." *Id.*

9.      <u>Citizenship of Plaintiff Mercy Health Corporation</u>.  Mercy Health Corporation is an Illinois Not-For-Profit Corporation with its principal place of business situated in Rockford, Winnebago County, Illinois. *See* Ex. A; Compl. at ¶ 1. Mercy Health Corporation is therefore a citizen of the States of Wisconsin and Illinois for the purposes of diversity jurisdiction.

10.     <u>Citizenship of Plaintiff Mercy Health Systems Corporation</u>. Mercy Health Systems Corporation is the corporate subsidiary of Mercy Health Corporation and a Wisconsin Not-Stock Corporation with its principal place of business situated in Janesville, Rock County, Wisconsin. *See* Ex. A; Compl. at ¶ 2. Mercy Health Systems Corporation is therefore a citizen of the States of Wisconsin and Illinois for the purposes of diversity jurisdiction.

11.     <u>Citizenship of Defendant Wisconsin Medical Society Insurance and Financial Services, LLC d/b/a WisMed Assure</u>.  Defendant WisMed Assure is a Delaware limited liability company with its principal place of business in Wisconsin. *See* Ex. A; Compl. ¶ 4. As of the date of this notice of removal, the sole member of WisMed Assure is another Delaware limited liability company. The sole member of that LLC is another Delaware limited liability company. The sole member of that LLC is another Delaware limited liability company, the members of which, in turn, are:  (i) an Oregon corporation with its principal place of business in Oregon, (ii) a Michigan

3

limited liability company, the members of which are two other limited liability companies, the members of which are citizens of Michigan; (iii) a Michigan corporation with its principal place of business in Michigan, (iv) a Michigan corporation with its principal place of business in Michigan, (v) a Michigan corporation with its principal place of business in Michigan, (vi) a Michigan corporation with its principal place of business in Michigan, (vii) a Michigan corporation with its principal place of business in Pennsylvania, (viii) a trust controlled by a trustee that is a citizen of Michigan, (ix) a Delaware limited liability company, the members of which are individual citizens of Michigan and California, (x) a Delaware limited partnership, the general partner is a Delaware limited liability company with its principal place of business in Texas and with members who are citizens of Texas.

WisMed Assure thus is not a citizen of Wisconsin or Illinois for the purpose of determining diversity jurisdiction.

12.    Because there is complete diversity of citizenship between Plaintiffs and Defendant, and the Defendant a not citizen of the state in which the action has been brought, the citizenship precondition for removal is satisfied here pursuant to 28 U.S.C. §§1332(a), 1441(b)(2).

**B.    The Amount in Controversy Exceeds $75,000**

13.    Plaintiff's Complaint alleges "MIC [Mercy Health Corporation] and MHSC [Mercy Health System Corporation] were thereby damaged in the amount of the litigation expenses incurred in the litigation with ProAssurance and the Fund in the amount of at least $103,682.72, plus other and further amounts to be proved at trial.". (Ex. A; Complaint at ¶ 41).

14.    The Court should conclude, based on the Complaint, that Plaintiffs' claims involve an amount in controversy more than $75,000, exclusive of interest and costs.

**III.    THIS REMOVAL IS TIMELY**

13150223.2

15. This Notice is filed pursuant to 28 U.S.C. § 1441, within the time limits prescribed by 28 U.S.C. § 1446(b).

## IV. VENUE FOR THIS REMOVED ACTION IS PROPER

16. The United States District Court for the Western District of Wisconsin, embraces the state court, Dane County Circuit Court, Wisconsin, where this action was filed and is pending. 28 U.S.C. § 115(b)(1). Venue is proper in this Court under 28 U.S.C. § 1441(a).

## V. NOTICE TO STATE COURT AND TRANSFER OF RELEVANT MATERIALS

17. Defendant will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of Dane County, Wisconsin. 28 U.S.C. § 1446(d).  Pursuant to 28 U.S.C. § 1446 (a), a copy of all pleadings filed in the record of the state court action are attached as **Exhibit "B".**

18. By filing this Notice of Removal, Defendant does not waive, and hereby reserves all defenses and objections to Plaintiffs' Summons and Complaint including, but not limited to, failure to state a claim, lack of personal jurisdiction, improper venue and/or insufficiency of service of process.

19. If any questions arise as to the propriety of the removal of this action, WisMed Assure requests the opportunity to supplement this Notice.

Respectfully submitted,

Electronically signed by *James M. Weck*

JAMES M. WECK (#1088089)
CLAUSEN MILLER P.C.

JAMES M. WECK (#1088089)
CLAUSEN MILLER P.C.
1433 North Water Street, Suite 500
Milwaukee, WI 53202
Tel: (414) 279-5525; (312) 606-7566
jweck@clausen.com
Counsel for Defendant

5

13150223.2

**CERTIFICATE OF SERVICE**

The undersigned, a non-attorney, certify that on July 27, 2026, she caused a copy of the foregoing Notice of Filing of Notice of Removal to be served via the court's electronic filing system upon all parties of record.

/s/  Patricia Kebr
Patricia Kebr

6

13150223.2